O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 11-1698 GW (DTB) | Date | January 17, 2012 |
|---|---|---|---|
| Title | Gregory Sylvester Rideau, Jr. v. Mark D. Greenberg, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present                                         Not Present

**Proceedings:**     (In Chambers) Order DENYING Plaintiff's Motions to Disqualify

    Before the Court are Plaintiff Gregory Sylvester Rideau, Jr.'s ("Plaintiff") motions to disqualify United States District Judge George H. Wu and United States Magistrate Judge David T. Bristow.  Dkts. # 17, 21.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving papers, the Court DENIES Plaintiff's motions.

I.     Background

    Plaintiff, who is currently incarcerated at Calipatria State Prison in Calipatria, California, filed this action for violation of his civil rights.  *See Compl.* at 1.  Plaintiff, proceeding *pro se*, named as defendants Appellate Defenders, Inc., the County of San Bernardino, County Clerk Kristie Richard, Court Reporters Montez, Heishman, L. Millsap, and Meekins, and Mark Greenberg, his court-appointed attorney.  *Compl.* at 2-3.  The gravamen of Plaintiff's claims appears to be that defendants conspired to conceal the transcripts from Plaintiff's sentencing hearing.  *Compl.* at 3.

    Magistrate Judge Bristow reviewed the Complaint prior to ordering service, in accordance with the Prison Litigation Reform Act of 1995.  *See id.* at 2:15-20; *see also* 28 U.S.C. § 1915(e)(2).  Magistrate Judge Bristow dismissed the Complaint, with leave to amend, for failure to state a federal civil rights claim against Defendants County of San Bernardino and County Clerk Kristie Richard.  *See* Dkt. # 10 at 4:14-16.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1698 GW (DTB) | Date | January 17, 2012 |
|---|---|---|---|
| Title | Gregory Sylvester Rideau, Jr. v. Mark D. Greenberg, et al. | | |

    Plaintiff thereafter filed a First Amended Complaint. *See* Dkt. # 12. The First Amended Complaint alleged substantially the same allegations as the original Complaint. *See FAC* at 3-10. The First Amended Complaint named as Defendants: Court Reporters C. Heishman, L. Millsap, C. Montez, and L. Meekins; California Court of Appeal Justices Art W. McKinster, Betty Ann Richli, and Barton C. Grant; and Plaintiff's court-appointed attorney Mark Greenberg. Magistrate Judge Bristow dismissed the First Amended Complaint, with leave to amend, for failure to state an adequate federal civil rights claim against Defendant Court Reporters Heishman, Millsap, Montez, and Meekins. *See* Dkt. # 14 at 5:2-6:11. Additionally, Magistrate Judge Bristow found Defendants McKinster, Richli, and Grant were immune from suit under the doctrine of judicial immunity. *See id.* at 6:13-7:13.

    On December 9, 2011, Plaintiff filed an ex parte application with District Court Judge Wu, in which Plaintiff requested Judge Wu appoint a different Magistrate Judge to hear his case. *See* Dkt. # 13. Plaintiff argued Magistrate Judge Bristow should be disqualified because he had previously issued a report and recommendation on a petition for habeas corpus filed by Plaintiff. *See id.* at 2. Judge Wu denied the ex parte application. *See* Dkt. # 15. Judge Wu found that Plaintiff had not met the standard for disqualification because he failed to show any "deep-seated favoritism or antagonism" on the part of Magistrate Judge Bristow. *See id.* at 2 (quoting *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997)).

    On January 5, 2012, Plaintiff filed a Second Amended Complaint. Dkt. # 16. On the same day, Plaintiff also filed an ex parte application for appointment of "another district and magistrate court judge over this action due to conflict of interest." *See* Dkt. # 17 at 1. Plaintiff filed another ex parte application on January 11, 2012, entitled "Ex Parte Application Affidavit of Gregory Sylvester Rideau, Jr., the Plaintiff for Support in His Request for Another Magistrate and District Judge in this Action." *See* Dkt. # 21. Both of Plaintiff's ex parte applications were construed as motions to disqualify and, pursuant to General Order 08-05 and Local Rule 72-5, the motions were referred to United States District Judge Philip S. Gutierrez for consideration. *See* Dkts. # 20, 22.

II.    <u>Legal Standard</u>

    Motions for disqualification are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. *See Pesnell v. Arsenault,* 543 F.3d 1038, 1043 (9th Cir. 2008). Under 28 U.S.C. § 144, if a party demonstrates that "the judge before whom the matter is pending has a personal bias or prejudice

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1698 GW (DTB) | Date | January 17, 2012 |
|---|---|---|---|
| Title | Gregory Sylvester Rideau, Jr. v. Mark D. Greenberg, et al. | | |

either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Similarly, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

The substantive standard under these statutes "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell,* 543 F.3d at 1043. Generally, "a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted); *Pesnell,* 543 F.3d at 1043. Thus, judicial rulings alone—apart from surrounding comments or accompanying opinions—almost never constitute valid grounds for disqualification. *See Liteky v. United States,* 510 U.S. 540, 556 (1994).

III.   Discussion

Plaintiff's ex parte application, memorandum of points and authorities, and affidavit all make similar claims. *See* Dkts. # 17, 18, 21. First, Plaintiff argues Judge Wu and Magistrate Judge Bristow violated Plaintiff's rights through their decision on Plaintiff's habeas corpus petition. *See* Dkt. # 17 at 2:6-23. Second, Plaintiff argues that in this civil rights case he has had to amend his complaint twice "without good cause." *Id.* at 3:1-3.

Plaintiff's arguments fail to meet the threshold for disqualification. The underlying theme in all of Plaintiff's arguments is disagreement with the rulings in both his habeas hearing and his current civil rights action. A judge is not biased or prejudiced for simply having presided over a previous matter involving a party. *See Liteky*, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings."). Furthermore, Plaintiff's dissatisfaction with the rulings in his current civil rights case are insufficient grounds for disqualification. *See id.* ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Plaintiff fails to present any extrajudicial information to raise any questions of personal bias or prejudice. As

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 11-1698 GW (DTB) | Date | January 17, 2012 |
|---|---|---|---|
| Title | Gregory Sylvester Rideau, Jr. v. Mark D. Greenberg, et al. | | |

Plaintiff fails to provide a reasonable basis for questioning the impartiality of Judge Wu or Magistrate Judge Bristow, the Court DENIES Plaintiff's motions.

IV.   Conclusion

   Based on the foregoing, the motions for disqualification are DENIED.

   **IT IS SO ORDERED.**